400 So.2d 518 (1981)
Dorothie C. GOSS, Appellant,
v.
Frank L. GOSS, Appellee.
No. 79-660.
District Court of Appeal of Florida, Fourth District.
June 10, 1981.
Rehearing Denied July 24, 1981.
V. Craig McCaghren of McCaghren Law Offices, West Palm Beach, for appellant.
Michael B. Davis of Walton, Lantaff, Schroeder & Carson, West Palm Beach, for appellee.
HURLEY, Judge.
On this appeal, appellant/wife argues that she should have been awarded permanent rather than rehabilitative alimony. We agree and therefore reverse.
*519 Mr. and Mrs. Goss were divorced in 1979 after thirty years of marriage. At the time of the dissolution, Mrs. Goss was fiftytwo years old, had been a homemaker for twenty-nine years, had raised three children, and had an eleventh grade education. As for work experience, Mrs. Goss testified that she had last worked twenty-nine years ago and then had held only menial jobs such as working at "a soda fountain, ... a garment factory, and ... a battery factory." Since filing for dissolution, she had unsuccessfully sought employment with nine different employers, but had to settle for babysitting or sewing positions which produced meager income. She described her health as poor, saying that she had "a bad back, high blood pressure and nervous conditions."
Given these facts, we find that the trial court abused its discretion in failing to award permanent alimony. See Colucci v. Colucci, 392 So.2d 577 (Fla.3d DCA 1980). Thus, we reverse the order on appeal and remand the cause with instructions to enter an award of permanent alimony based upon the needs of appellant and upon the ability of appellee to provide for those needs. Niemann v. Niemann, 294 So.2d 415 (Fla.4th DCA 1974). cert. dismissed, 312 So.2d 733 (Fla. 1975).
With respect to the authority of the trial court on remand, we adopt the following principle announced by our sister court in Eagan v. Eagan, 392 So.2d 988, 990 (Fla.5th DCA 1981):
In Canakaris v. Canakaris, 382 So.2d 1197, 1202 (Fla. 1980), our Supreme Court observed that in a dissolution cases apportioning assets and providing necessary support are difficult problems and that the various procedural remedies which the trial court can use to solve these problems are interrelated and, from the trial judge's viewpoint, are generally all part of one overall scheme. It follows, therefore, that when a trial judge is found to be in error as to some aspect of his disposition the cause should be remanded with sufficient authority that he may again exercise broad discretion to modify the related matters within his original plan for division and support as may be necessary in order to do equity and justice between the parties in view of the changes required by the appellate opinion.
Accordingly, we reverse and remand for further proceedings consistent with this opinion.
LETTS, C.J., and MOORE, J., concur.