PER CURIAM.
The former wife brings this appeal to challenge awards of alimony, child support and property distribution which, she contends, are so paltry and inequitable as to constitute a gross abuse of discretion. We agree and reverse.
This was a twenty-six and a half year marriage which resulted in four children, one of whom is still a minor. The wife worked as a homemaker and did not hold employment outside the home. Today, she is without job skills. The husband’s level of income could be termed “moderate” for most of the marriage. In recent years, however, he has enjoyed a period of rapid professional advancement with commensurate salary increases. The precise amount of his income was a subject of dispute at trial, but it approximates $55,000 per year or about $4,500 per month.
The final judgment of dissolution awarded the wife $450 per month as permanent periodic alimony and $450 per month for child support. Additionally, it required the wife and minor child to vacate the marital residence — in return for which, the wife was awarded $35,000 as her one-half interest in the home’s equity. The final judgment contained additional provisions which are not relevant to the parties’ day-to-day existence.
Florida has come to view marriage as an “equal partnership” which, upon dissolution, is subject to equitable distribution. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). In this process, “a trial judge must ensure that neither spouse passes automatically from misfortune to prosperity or from prosperity to misfortune, and, in viewing the totality of the circumstances, one spouse should not be ‘shortchanged.’ ” Id. at 1204. We need not belabor the facts of this case. It suffices to say that they portray a graphic example of a spouse who has received far less than her fair share. In *2 addition to the fact that the wife and minor child have been dispossessed of the marital residence, the husband is required to provide less than twenty per cent of his gross income toward their support. In this instance, the wife has been both shortchanged and subjected to severe misfortune. No reasonable person could conclude otherwise.
Dissolution proceedings entail a process of melding separate, but related, provisions into a unified plan for the division of marital assets. “[I]t follows, therefore, that when a trial judge is found to be in error as to some aspect of his disposition, the cause should be remanded with sufficient authority that he may again exercise broad discretion to modify the related matters within his original plan for division and support as may be necessary in order to do equity and justice between the parties in view of the changes required by the appellate opinion.” Goss v. Goss, 400 So.2d 518, 519 (Fla. 4th DCA 1981), quoting Eagan v. Eagan, 392 So.2d 988, 990 (Fla. 5th DCA 1981). Accordingly, we reverse the final judgment of dissolution in its entirety and remand for further proceedings.
REVERSED AND REMANDED.
HURLEY and DELL, JJ., concur.
ANSTEAD, C.J., concurs specially with opinion.