782 So.2d 402 (2000)
M.F., Appellant,
v.
DEPARTMENT OF JUVENILE JUSTICE, Appellee.
No. 4D99-2711.
District Court of Appeal of Florida, Fourth District.
May 10, 2000.
Frank Kreidler, Lake Worth, for appellant.
John Milla, Assistant General Counsel, Tallahassee, for appellee.
PER CURIAM.
AFFIRMED.
SHAHOOD and GROSS, JJ., concur.
POLEN, J., concurs specially with opinion.
POLEN, J., concurring specially.
While I agree with the majority's affirmance, I feel compelled to discuss what seems an obvious issue, yet one that neither of the parties addressesthe doctrine of separation of powers.
M.F., the mother, petitioned the lower court to adjudicate her son, H.C., to be a dependent child. The basis for her petition is that her son, who was placed with the Department of Juvenile Justice ("DJJ") as a delinquent child, was "dependent" by virtue of DJJ's neglect of H.C. while he was in the juvenile detention facility. The petition requested that H.C. be placed in the temporary custody of the Department of Children and Family Services ("DCFS") and that DJJ be ordered to provide proper care to children housed at the detention facility. It also sought an order requiring DJJ to obtain funding to meet the needs of the children in its custody. The court dismissed the petition on the ground that Chapter 39, Florida Statutes did not authorize an adjudication of dependency on that basis.
Since DJJ cannot be considered either the parent or the legal custodian for purposes of adjudicating a child dependent under Chapter 39, I agree with the lower court's conclusion that the petition for adjudication of dependency had to be dismissed. See § 39.01, Fla. Stat. (1997). However, I believe an alternative basis to affirm lies in the doctrine of separation of powers.
Article II, section 3, of the Florida Constitution provides that a person belonging to one branch of government shall not "exercise any powers appertaining to either of the other branches unless expressly provided herein." See also Hoffman v. Jones, 280 So.2d 431, 440 (Fla.1973). DJJ is an arm of the executive branch of government. Further, questions of how much funding should be given to any particular governmental entity, and to some extent, how that funding is used, is the prerogative of the legislative branch. Thus, while the circuit court has inherent and continuing jurisdiction to entertain matters pertaining to child custody and to enter any order appropriate to a child's welfare, Henry & Rilla White Found., Inc. v. Migdal, 720 So.2d 568 (Fla. 4th DCA 1998); § 39.001 et seq., Fla. Stat. (1999); it may not dictate how DJJ should run its department or spend its money. This is what Foster was effectively asking the trial court to do and, on this ground, I believe dismissal of her petition was proper.
This is not to say that M.F. was left without any options to challenge the acts *403 or omissions of DJJ. As the trial court found, she could have filed a writ of habeas corpus asserting that the state was engaging in cruel and unusual punishment, or writs of prohibition or mandamus to the same effect. There is also a mechanism in place for the investigation of institutional child abuse or neglect by DCFS. See §§ 39.302(1)-(6), Fla. Stat. (1999). However, had the trial court entertained her petition, it would have infringed on the powers of the executive and legislative branches and, for this alternative reason, I recommend affirmance.