PER CURIAM.
Lori A. Lamaritata appeals the trial court’s orders adjudging her in contempt of court and setting a make-up visitation schedule. We reverse.
This case is unique. During the pendency of this appeal, this court reversed the supplemental final judgment granting visitation rights to a sperm donor upon which these contempt proceedings were based. Lamaritata v. Lucas, 823 So.2d 316 (Fla. 2d DCA 2002). Because we have determined that the sperm donor has no parental rights, Ms. Lamaritata has no obligation to provide the donor any contact or visitation with the children. Consequently, the sanctions in the contempt order and the order setting make-up visitation are no longer enforceable. Furthermore, as we noted in our recent opinion, “[tjhere has been protracted, unnecessary litigation in this case, including a prior visit to this court which should have ended the controversy.” Id. at 317. Therefore, rather than address Ms. La-maritata’s arguments regarding the deficiencies in the contempt proceedings, some of which have merit, we vacate the orders and once again attempt to bring the underlying litigation to an end.[1]
Accordingly, the order of contempt and the order setting make-up visitation are vacated.
FULMER, GREEN and COVINGTON, JJ., concur.

. This opinion should not be read to authorize parties to disregard orders they deem erroneous. In a properly conducted contempt proceeding, a party may be held in contempt for failure to abide by an erroneous order because the need for obedience to a court order outweighs the individual’s temporary detriment. Kaylor v. Kaylor, 466 So.2d 1253 (Fla. 2d DCA 1985); Robbie v. Robbie, 726 So.2d 817 (Fla. 4th DCA 1999); Rubin v. State, 490 So.2d 1001 (Fla. 3d DCA 1986).