895 So.2d 432 (2004)
Dana LEVINSON, Appellant,
v.
Pamela LEVINSON, Appellee.
No. 4D03-2685.
District Court of Appeal of Florida, Fourth District.
December 22, 2004.
Rehearing Denied March 24, 2005.
Cynthia L. Greene of Law Offices of Greene, Smith & Associates, P.A., Miami, and Law Offices of Sandor F. Genet & Associates, P.A., North Miami Beach, for appellant.
Edna L. Caruso and Diran V. Seropian of Edna L. Caruso, P.A., West Palm Beach, and William H. Stolberg, Fort Lauderdale, for appellee.
SHAHOOD, J.
In 1998, the marriage of the parties was dissolved. Among other things, their settlement *433 agreement addressed child support and visitation involving the parties' three minor children.
In 2002, the former wife filed a petition to modify the final judgment to increase the former husband's child support obligation and to decrease the former husband's visitation. Simultaneously, she filed a motion for temporary fees and, some months later, filed a Motion for Temporary Child Support. In the temporary support motion, the former wife asserted that there was a need based on the delays in the proceedings.
Following a hearing at which evidence concerning the parties' incomes was introduced to a general master, the master entered a Report of the Hearing Officer recommending that the former wife's motion for temporary child support be granted and that the former husband be ordered to pay monthly child support of $3,000, an amount which was twice what he was previously paying. In addition, the general master recommended that the obligation be retroactive to the date the former wife filed her motion.[1] The general master's recommendation was approved and adopted by order of the trial court. Thereafter, the former husband filed an objection to the general master's report as well as a motion to vacate the order of the general master. The court denied the former husband's motion to vacate, and granted the former wife's motion for temporary attorney's fees, awarding her the sum of $100,000.
The trial court entered an Order and Final Judgment directing the former husband to pay the former wife's fees and costs in the amount of $110,000, and also prohibiting the former husband from encumbering his house except to pay fees and costs. At the same time, the trial court entered a second order denying the former husband's motion to vacate and directing him to immediately pay the back child support. These orders are the subject of this appeal.
As to the first issue, we hold that it was error for the trial court to order the former husband to pay temporary child support while the former wife's petition for modification was pending. In Robbie v. Robbie, 726 So.2d 817 (Fla. 4th DCA 1999), we reversed an award of temporary alimony based on the doctrine of law of the case. That same principle applies in this case. In the parties' settlement agreement, which was incorporated into the final judgment of dissolution, matters concerning child support were addressed and resolved. Modification of those terms required a hearing and specific findings by the trial court. Until such time, the final judgment of dissolution was the law of the case and the parties were bound by that judgment. Id. at 820. See also Saulnier v. Saulnier, 425 So.2d 558 (Fla. 4th DCA 1982). We are aware that Robbie and Saulnier both dealt with alimony modification and not child support modification, but determine that that distinction is not significant.
Next, we hold that the trial court abused its discretion in ordering the former husband to pay the former wife's temporary fees and costs in the amount of $110,000. This appears to have been a fairly uncomplicated modification of child support action. Although the former wife claims the excessive fees were the result of the former husband's litigious conduct, the trial court did not make such a finding. In fact, the trial court did not make any findings to support the conclusion that *434 such fees, which we consider to be excessive, were reasonable. See generally Carlson v. Carlson, 639 So.2d 1094 (Fla. 4th DCA 1994) (reversing excessive fee award in single-issue, uncomplicated modification proceeding where trial court failed to make appropriate findings).
Finally, we hold that the trial court erred in prohibiting the former husband from encumbering his property in order to secure payment of the former wife's attorney's fees. As we stated in Widom v. Widom, 679 So.2d 74 (Fla. 4th DCA 1996), this prohibition is tantamount to an injunction to secure a fee award, which is beyond the trial court's authority.
Accordingly, we reverse the Order and Final Judgment and remand for the trial court to excise that portion prohibiting the former husband from encumbering his property. We also reverse the order awarding temporary fees and the order on former husband's motion to vacate and remand for proceedings consistent with this opinion.
REVERSED AND REMANDED.
WARNER and MAY, JJ., concur.
NOTES
[1] Based on the order, it was determined that the amount of back support owed was $19,500.