976 So.2d 629 (2008)
C.A.F., a Child, Petitioner,
v.
STATE of Florida, Respondent.
No. 5D07-3982.
District Court of Appeal of Florida, Fifth District.
March 7, 2008.
*630 Don Waggoner, of Don Waggoner Law, P.A., Kissimmee, for Petitioner.
Bill McCollum, Attorney General, Tallahassee, and Brigid E. Collins, Assistant Attorney General, Daytona Beach, for Respondent.
PER CURIAM.
Petitioner, C.A.F., seeks habeas corpus review of a so-called "release order" of the circuit court imposing "conditions of release" that he contends unlawfully impose significant restraints on his liberty. These conditions include provisions such as a dusk-to-dawn curfew, obedience to all "household rules and requirements" and all school rules, evening study and submission to the court of progress reports from each teacher. We agree that there is no lawful authority for the order to which the juvenile court below has subjected Petitioner child because the child is in no legal status from which the court may "release" the child nor impose conditions on any such "release."

FACTS OF THE CASE
On June 28, 2007, Petitioner, a child under the age of eighteen, was temporarily detained by deputies of the Osceola County Sheriff's Office for the sale or delivery of cannabis. Rather than arrest Petitioner, the deputies released him to the custody of his father at the scene. The deputies later filed a report with the State Attorney. More than a month later, the State Attorney filed its petition against Petitioner and issued him a notice to appear in court. See Fla. R. Juv. P. 8.045(a).
In compliance with the notice, on September 26, 2007, Petitioner appeared in court for his arraignment as ordered but without an attorney. No attorney was appointed to represent him at the arraignment.[1] The court ordered Petitioner to be "released" to the custody of his parents with "conditions of release." The court wrote and signed an additional order containing these various conditions of release.[2]
*631 After obtaining counsel, on November 2, 2007, Petitioner appeared before the court on a Motion to Release Child from Pre-Trial Discretionary Conditions of Release. The court denied the motion and continued the conditions of release.

ILLEGALITY OF THE ORDER
"[P]retrial detention of juveniles is now governed entirely by statute." J.J. v. Fryer, 765 So.2d 260, 265 (Fla. 4th DCA 2000); see also S.W. v. Woolsey, 673 So.2d 152, 154 (Fla. 1st DCA 1996) ("The power to place those charged with . . . a delinquent act in detention is entirely statutory in nature."). Section 985.215, Florida Statutes (2007), deals comprehensively with the subject of how a juvenile who has been arrested or charged with an offense is to be handled, including the various levels of juvenile pre-trial detention and conditions of pre-trial release, and provides only for the use of secure, non-secure, and home detention prior to trial. The juvenile court does not have the statutory authority to detain a child except as provided in Chapter 985.[3] As explained in section 985.02, titled "Legislative intent for the juvenile justice system":
(4) DETENTION  The legislature finds that there is a need for a secure placement for certain children alleged to have committed a delinquent act. . . . The Legislature further finds that decisions to detain should be based in part on a prudent assessment of risk and be limited to situations where there is a clear and convincing evidence that a child presents a risk of failing to appear or presents a substantial risk of inflicting bodily harm on others. . . .
(Emphasis added).
Florida Rule of Juvenile Procedure 8.005-.013 governs the procedures for pre-trial detention and release. Any detention outside the statute and rule is illegal, and to the extent the appealed order in this case is a form of "detention," it is illegal. See A.S. v. Byrd, 777 So.2d 1171 (Fla. 4th DCA 2001). In this case, none of the detention procedures was ever followed and no risk assessment was ever done. See § 985.225(1), Fla. Stat. (2007). This level of restriction on an accused juvenile's freedom of movement and association *632 without complying with the statutory requirements or procedural safeguards is outside of Florida law.
The State's position is that the conditions imposed on Petitioner do not amount to a "detention." According to the State, the statutes and procedures governing detention need not be followed because Petitioner was not in any way "detained." This argument proves too much because if Petitioner has not been detained, there is no status from which he may be "released." Even if the terms of the "release order" did not rise to the level of "detention," there is still no authority to impose them.
The State relies on two statutes as authority for the court's power to impose this "release order" on Petitioner.[4] The first is section 985.0301, which merely establishes that the circuit court has jurisdiction over juvenile delinquency cases; yet even that statute specifies that the court's control over the child has to accord with the provisions of Chapter 985. § 985.0301(2), Fla. Stat. (2007). The other statute relied on by the State is section 985.02(3)(a), contained in the chapter's expression of legislative intent. That statute expresses that the State's policy is to:
Develop and implement effective methods of preventing and reducing acts of delinquency, with a focus on maintaining and strengthening the family as a whole so that children may remain in their homes of communities.
§ 985.02(3)(a), Fla. Stat. (2007). The State says that it cannot be contested that the "release order" at issue is designed to reduce delinquent behavior and strengthen his family. Therefore, according to the State, it must be within the power of the court. We agree that every court has inherent power to do all things that are reasonably necessary for the administration of justice within the scope of its jurisdiction, but that power is subject to valid existing laws and constitutional provisions. See Rose v. Palm Beach County, 361 So.2d 135, 137 (Fla.1978). It is the Legislature that must give the courts authority to enter such orders.
It appears that the purposes of such an order are to control the child's movements, activities and behavior and to place the child within the contempt powers of the court in a situation where the power of detention is unavailable. However, it is the legislature's job to "develop" and "implement" effective methods of preventing and reducing delinquency. It is the courts' job to see that the law is followed.
We have been informed by Petitioner's counsel that he was to be tried on the delinquency petition on January 22, 2008, and, if the writ was not issued before that date, the pre-trial "release order" issue will have become moot for him. Even though moot as to this juvenile, it appears that the issues raised here are fully capable of repetition[5] and equally likely to evade review; hence, we have elected to decide the issue presented.[6] We conclude that if Petitioner remained under the "release order," he would be entitled to issuance *633 of the writ. However, because of the circumstances, we withhold it.
ISSUANCE OF WRIT WITHHELD.
GRIFFIN, PLEUS and ORFINGER, JJ., concur.
NOTES
[1] The court issued an order to determine counsel on October 12, 2007, for case management on October 31, 2007, and for trial on November 6, 2007.
[2] In full, the September 26, 2007, order states:

RELEASE ORDER WITH CONDITIONS OF RELEASE
To: Superintendent of: Upon due consideration, the said child shall be released forthwith to: Parent/Guardian X Child shall have a curfew of 6:00 pm inside the residence, and may not be out of the home before 6:00 am. Exceptions: UNDER THE DIRECT SUPERVISION OF THE PARENT'S ONLY IF OUT OF THE HOME AFTER 6 PM. NO OTHER EXCEPTIONS.
The child shall comply with the following conditions of release:
(1) Obey all laws and not possess or carry any weapons.
(2) Not possess or use any intoxicants or illegal drug or associate with those who do.
(3) Obey all parental/household rules and requirements
(4) Cooperate with all law enforcement officers.
(5) Attend all future court hearings; keep all appointments with your attorney and DJJ.
(6) Have no contact with co-defendants and/or victim(s) and victim's family.
(7) Observe a curfew set by parent(s)/custodian, unless otherwise specified by the Court.
(8) The child shall comply with the following specific conditions:
Attend school regularly, including ALL classes, with NO unexcused absences, tardiness and referrals; complete all work required.
Obey ALL SCHOOL RULES and participate in any special programs, tutoring, and meetings with school counselor or principal as directed.
Study on evenings preceding each school day. Bring progress reports from each teacher to next hearing and submit to Court.
Work full/part time or if directed submit applications for employment.
If recommended, submit to drug evaluation/screening and possibly complete rehabilitation program or counseling. Upon demand, submit to Random drug tests.
Participate in counseling as directed by DJJ or the Court.
The child's parent(s)/guardian shall report any violations in writing to DJJ or the Court.
[3] Section 907.041, Florida Statutes, governing pretrial release of criminal defendants does not apply to delinquency cases.
[4] The only other authority relied on by the State is a concurring opinion in a completely inapposite case, M.F. v. Department of Juvenile Justice, 782 So.2d 402 (Fla. 4th DCA 2000), apparently cited to suggest that the circuit court is empowered to enter any order it deems appropriate to a child's welfare.
[5] It appears that these orders were issued from forms previously prepared, suggesting this case is not an isolated event.
[6] See K.P. v. State, 952 So.2d 1229 (Fla. 5th DCA 2007); C.M.T. v. Dep't of Health & Rehab. Servs., 550 So.2d 126 (Fla. 1st DCA 1989).