PER CURIAM.
X.R., a juvenile, appeals from an order holding him in contempt of court in a delinquency matter. He argues that the juvenile court lacked authority under Florida law to hold him in contempt of court for his failure to comply with a behavior order which was entered in connection with his pre-trial release.
X.R. was charged by delinquency petition with possession of not more than 20 grams of cannabis in violation of sections 893.03 and 893.13, Florida Statutes. X.R. appeared with his grandmother at arraignment. Counsel was appointed, a drug evaluation was ordered and the case was set for docket sounding.
During the hearing, the grandmother stated that X.R. would not voluntarily go for drug evaluation and stated, “I’ve tried everything.” The prosecutor asked if X.R. had been placed on a behavior order stating, “Apparently we have a grandmother, I believe, who needs some help.” In response to an inquiry from the court, the *634 grandmother requested that the court enter a behavior order. The following then transpired:
THE COURT: Okay, there’s one— there’s a copy of one in front of you. What that is, is it requires:
He attend school, no suspensions, tar-dies or absences.
That he live with you, his legal guardian.
That he be respectful to you, no profanity.
That he have no new law violations.
That he attend all court appearances.
That he not associate with any co-defendants, victims, or anyone not approved by you.
And that I do impose a curfew of 7:00 p.m. to 7:00 a.m. And if he violates that, do not call the police, you call the number on there which is our juvenile court coordinator, and she’ll address it.
If there’s a violation, we do address those each Wednesday after detentions. I could sentence him for up to five days of secure detention for the first violation. For the second violation, I could sentence him to up to fifteen days in secured detention.
Okay. I’m going to go ahead and enter one of those at this time for [X.R.]. I’ll do it.
Defense counsel objected to entry of the behavior order.
Thereafter, an affidavit for order to show cause for behavior order violation was filed and a show cause order was issued with the hearing set for June 27, 2007. The affidavit alleged that X.R. failed to attend summer school sessions, violated the curfew and was disrespectful to his grandmother.
X.R. failed to appear on June 27, 2007 and the court ordered he be taken into custody. He was, and the show cause hearing was held on the following day, June 28, 2007. The grandmother testified that X.R. failed to attend school all week and never abided by the 7:00 p.m. curfew, instead returning home at 11:30 p.m. or 12:30 a.m. When deputies went to get X.R. after he failed to appear, they were told he was next door and he was found hiding in the bed of a pickup truck. He told deputies he was not X.R. but a neighbor confirmed his identity. X.R. testified and claimed he had completed school and no longer had to attend. He claimed he got home late from work but the grandmother knew nothing about any job. She said he had no job and asked her for money on a daily basis.
We need not address the precise point raised by X.R. because the record supports the sanction of contempt in this case, specifically due to X.R.’s disobedience of the show cause order.
The juvenile court had subject matter jurisdiction over X.R. who was charged with a delinquent act. See § 985.0301(1), Fla. Stat. (“[t]he circuit court has exclusive original jurisdiction of proceedings in which a child is alleged to have committed a delinquent act or violation of law”). The court additionally had personal jurisdiction over X.R. and X.R. was not free to simply disobey the court’s order to appear and show cause.
In Robbie v. Robbie, 726 So.2d 817 (Fla. 4th DCA 1999), the Fourth District affirmed a contempt order entered due to the husband’s non-payment of temporary alimony. Although the trial court may have entered an erroneous ruling awarding temporary alimony to the wife on remand following appeal of the marital dissolution, it had jurisdiction to do so and thus the husband was not free to ignore the court’s order. The trial court had jurisdiction over the remand proceedings, and no mat *635 ter how erroneous or unreasonable, the husband was required to obey the temporary alimony order until it was reversed or vacated. See also Kaylor v. Kaylor, 466 So.2d 1253, 1254 (Fla. 2d DCA 1985) (order must be obeyed until vacated or modified by that court or until reversed on appeal, no matter how unreasonable or erroneous); Rubin v. State, 490 So.2d 1001, 1003 (Fla. 3d DCA 1986) (reason behind rule requiring obedience to court orders is that need for obedience to court order far outweighs any detriment to individuals who may be temporarily victimized by order, even if erroneous).
Section 985.037(1), Florida Statutes, which provides for punishment of juveniles for contempt, references contempt of a valid court order and the show cause order here was operative unless and until the behavior order was reversed or vacated.
X.R. was required to appear in response to the order to show cause and was free to raise his objections, and to then seek appellate review of any adverse ruling. X.R.’s disobedience of the court’s directive, in and of itself, exposed him to contempt of court sanctions for failure to appear. Accordingly, under the facts presented, contempt was a viable sanction in this case.
AFFIRMED.
PLEUS and MONACO, JJ., concur.
EVANDER, J., concurs and concurs specially, with opinion.