EVANDER, J.,
concurring specially.
Although I believe that the behavior order was erroneously entered, I agree that the juvenile was not free to disregard the order. So long as the trial court’s order was entered with subject matter jurisdiction, the juvenile was obligated to obey the order, even if erroneous. Robbie v. Robbie, 726 So.2d 817, 819 (Fla. 4th DCA 1999).
I write to express my views on the use of pre-trial behavior orders. As observed by Judge Griffin in her concurring' opinion in T.W.L.,[1] the Legislature has not authorized the use of pre-trial behavior orders. Like Judge Griffin, I find no merit to the State’s contention that a court has the “inherent authority” to enter these types of orders. See also C.A.F. v. State, No. 5D07-3982, 976 So.2d 629, 2008 WL 611684 (Fla. 5th DCA Mar. 7, 2008). I do believe, however, that when a trial court is authorized to order pre-trial secure detention, the court may utilize the less restrictive approach of releasing the juvenile conditioned on the juvenile’s compliance with a pre-trial behavior order.
In the present case, it is undisputed that the trial court could not lawfully order secure detention. Accordingly, I believe that the behavior order was erroneously entered.

. T.W.L. v. State, 950 So.2d 1290, 1291 (Fla. 5th DCA 2007) (Griffin J., concurring).