905 So.2d 932 (2005)
Clyde H. DERVISHI, Appellant,
v.
Patricia Berry DERVISHI, Appellee.
No. 4D04-1066.
District Court of Appeal of Florida, Fourth District.
June 8, 2005.
Rehearing Denied July 21, 2005.
*933 Brian S. Dervishi of Weissman, Dervishi, Borgo & Nordlund, P.A., Miami, for appellant.
Lynn G. Waxman of Lynn G. Waxman, P.A., West Palm Beach, for appellee.
MAY, J.
The former husband appeals a modification order that temporarily decreased his alimony payments, but only retroactively. He argues the trial court erred in refusing to: (1) apply the downward modification prospectively; and (2) award him attorney's fees. The former wife cross-appeals the downward modification order. For the reasons that follow, we reverse the modification order and remand the case to the trial court for further proceedings.
On March 14, 2002, the trial court entered a final judgment, dissolving the parties' nearly fourteen-year marriage. The judgment awarded the former wife rehabilitative monthly alimony of $2,500 for five years, beginning April 1, 2002, and $2,000 per month for the next two years. The former husband filed a notice of appeal, but voluntarily dismissed the appeal two months later.
In November 2002, the former husband petitioned to modify the alimony award. He alleged the depressed economy had caused an involuntary and substantial decrease in his income. He left his former employment and was now working as a car salesman.
The trial court found the former husband had sold assets awarded to him in the equitable distribution and incurred $80,000 in credit card debt to stay current in his alimony payments. He was no longer able to deduct a number of personal expenses he had been able to deduct when self-employed. In fact, the trial court found the former husband did not have assets from which to pay alimony without completely divesting himself of all the assets awarded to him.
In the modification order entered in February 2004, the trial court found the former husband entitled to temporary relief in the form of a monthly reduction of $1,285.71 from November 2002 through December 2003, totaling $18,000. To compensate the former husband for that amount, the court reduced the future alimony payments of $2,500 by $500 per month, but did not apply the reduced alimony amount prospectively. The parties were ordered to bear responsibility for their own attorney's fees and costs. Both parties appealed the modification order.
The husband argues, the record reflects, and we agree, there is no reason why the modification should not have continued prospectively. The record does not reflect any change in the former husband's income between December 2003 and February 2004, when the trial court determined the former husband did not have the ability to pay $2,500 per month. If the former husband was entitled to a reduction then, he would be entitled to the reduction prospectively unless the trial court also found the former husband now suddenly had the ability to pay. No such finding exists in this record.
"It is axiomatic that the court must set an award which the payor has the ability to pay, and is as fair as possible to both parties." Vega v. Vega, 877 So.2d 882, 883 *934 (Fla. 3d DCA 2004). To this end, "the law does not require that an ex-husband necessarily sell capital assets to pay alimony. Nor is an ex-husband necessarily required to borrow money to be able to maintain a court ordered level of alimony payments." Kinne v. Kinne, 599 So.2d 191, 194 (Fla. 2d DCA 1992) (citing Fort v. Fort, 90 So.2d 313 (Fla.1956)).
To be entitled to a permanent modification of one's alimony obligation, the obligor spouse must prove an involuntary, substantial, material and permanent change in his financial circumstances not contemplated in the final judgment of dissolution. See Rahn v. Rahn, 768 So.2d 1102 (Fla. 2d DCA 2000). In some instances, however, a court may fashion temporary relief from alimony pursuant to the "good faith test." Id. at 1105.
The "good faith test" is based on a temporary change in the obligor's financial circumstances. More specifically, such modification is appropriate where the court determines the "obligor has suffered a reduction in income without deliberately seeking to avoid paying alimony and is acting in good faith to return his income to its previous level." Rahn, 768 So.2d at 1105. In such circumstances, the obligor's "alimony obligation should be reduced to be more commensurate with his current ability to pay." Kinne, 599 So.2d at 194. "This type of relief differs from a permanent modification, which requires the showing of a permanent change in circumstances." See Whetstone v. Whetstone, 710 So.2d 749, 750 (Fla. 4th DCA 1998).
Here, the trial court found the former husband had sustained a temporary, involuntary, substantial change in his financial circumstances warranting a monthly reduction in alimony of $1,285.71. The court explicitly found the former husband "did not deliberately reduce his income to avoid compliance with his alimony obligation and is acting in good faith to increase his income over and above its previous level." Yet, there was no change in his current income, which had been found to be insufficient to meet his obligation only a month before.
Trial courts have "broad discretion in deciding whether to modify the terms of an alimony award." Radziwon v. Radziwon, 710 So.2d 748, 748 (Fla. 4th DCA 1998). In this case, the court found the need to temporarily modify the alimony payments. We find the court well within its discretion in making this determination based upon the record before us. However, the record does not support the trial court's decision not to apply the temporary modification prospectively. The record is devoid of any evidence suggesting the former husband's ability to pay had increased since the period justifying the reduction in alimony.
We therefore reverse and remand the case to the trial court to apply the reduction prospectively to a point where the evidence supports the former husband's ability to pay, and to adjust the arrearages of the past overpayment to accommodate a fair alimony payment in light of the evidence. We note the passage of time may have again witnessed a change in circumstances that should be reflected in any future order. We will leave this to the sound discretion of the trial court. We find no error in the court's order requiring the parties to bear their own attorney's fees and costs.
Reversed and Remanded.
STONE, J. and DAMOORGIAN, DORIAN, Associate Judge, concur.