CORTINAS, Judge.
The husband, Edgar Carta, appeals from non-final orders denying his motion to dismiss for lack of subject matter juris *301 diction and denying his motion for relief from an order to break his safe deposit box to satisfy previous court orders granting interim attorney’s fees and costs to the wife, Emma Carta. We affirm.
The parties were married in Venezuela in 1975. In 1989, they entered into a separation decree in Venezuela (“separation decree”). Shortly thereafter, they moved to Florida where they were eventually granted permanent United States residence in 2000. In November 2001, the wife filed a petition for dissolution of marriage in Florida. In June 2003, the trial court entered an order freezing various assets in the husband’s safe deposit box.
Meanwhile, the husband petitioned the Venezuelan court to convert the separation decree into a final divorce decree. The wife objected claiming that the Venezuelan courts lacked jurisdiction due to the parties’ reconciliation. However, the Venezuelan court found that it had original and continuing jurisdiction from the time it entered the separation decree in 1989.
In July 2003, the husband moved to dismiss the Florida dissolution action claiming that the trial court lacked subject matter jurisdiction. He also requested that the trial court take judicial notice of the separation decree and the interlocutory decree declaring that Venezuela had jurisdiction. The trial court took judicial notice of the decrees, but ultimately denied the husband’s motion to dismiss. On September 30, 2004, the Venezuelan court entered a final divorce decree. The trial court also took judicial notice of the divorce decree, but only to the extent of recognizing that the judgment existed.
While the dissolution of marriage action was pending in Florida, the wife sought temporary and future attorney’s fees and costs, which the trial court ultimately awarded to her in the amount of $42,000. The court subsequently modified its previous order freezing the assets in the husband’s safe deposit box, and ordered that the box may be broken to satisfy the award of attorney’s fees and costs.
The husband filed 1) a motion for relief from the judgment modifying the freeze on the assets in his safe deposit box and 2) a renewed motion to dismiss for lack of subject matter jurisdiction. The trial court denied both of the motions. On appeal, the husband seeks to have this court reinstate the freeze on his safe deposit box or, in the alternative, to extend comity to the Venezuelan decrees and dismiss the wife’s dissolution action in Florida.
The trial court’s non-final order denying the former husband’s motion to dismiss for lack of subject matter jurisdiction is not appealable as it does not come within the purview of Rule 9.130(a)(3), Florida Rules of Appellate Procedure. See Int’l Wire Corp. v. State Farm Fire and Cas. Co., 816 So.2d 159 (Fla. 2d DCA 2002); Fiocchi v. Trainello, 566 So.2d 904 (Fla. 4th DCA 1990); Warren v. Southeastern Leisure Sys. Inc., 522 So.2d 979 (Fla. 1st DCA 1988); Bd. Of Med. Exam’rs v. Kadivar, 482 So.2d 501 (Fla. 4th DCA 1986). Moreover, the parties agree that it is not appealable. Therefore, we need not address the husband’s claim that the trial court lacks subject matter jurisdiction, nor the husband’s claim that the trial court failed to extend comity to the Venezuelan decrees.
Furthermore, non-final orders concerning temporary support and the freezing of assets are reviewed for abuse of discretion. Canakaris v. Canakaris, 382 So.2d 1197, 1202 (Fla.1980). It is well-settled that trial courts have broad discretion in establishing temporary relief awards, which appellate courts are reluctant to interfere with except under the most compelling of circumstances. Pedreta *302 ja v. Garcia, 667 So.2d 461 (Fla. 4th DCA 1996). Accordingly, a trial court can only be found to have abused its discretion where no reasonable person would take the view adopted by the trial court. Canakaris, 382 So.2d at 1203.
We find that the trial court did not abuse its discretion in modifying a freeze on the assets in the husband’s safe deposit box to satisfy a previous court order granting the wife interim attorney’s fees and costs. There is ample support in the record for the trial court’s decision.
Affirmed.