915 So.2d 742 (2005)
D. Byron McINTOSH, Jr., Appellant,
v.
Delle D. McINTOSH, Appellee.
No. 5D05-78.
District Court of Appeal of Florida, Fifth District.
December 9, 2005.
Robert A. DuChemin, Sr., of DuChemin & Associates, Orlando, for Appellant.
Marcia K. Lippincott, of Marcia K. Lippincott, P.A., Lake Mary, for Appellee.
PETERSON, J.
D. Byron McIntosh, Jr., appeals the trial court's denial of his supplemental petition for modification of a judgment dissolving his marriage to Delle D. McIntosh.
The parties entered into a marital settlement agreement in which Byron was required to pay $910 per month child support, $3,500 per month alimony and $12,200 per year for their child's private high school tuition. The agreement was incorporated into a final judgment of dissolution in December 2003.
At the time the agreement was reached, Byron's gross annual income was $143,000, the source of which was the management *743 of corporate houses and a related catering service. Unfortunately, in March 2004, one of his customers sold its corporate house reducing Byron's annual income by $64,700 per year. Although he was then current in all of his obligations under the settlement agreement, Byron immediately filed a petition for modification based upon his change of circumstances and alleged a gross income reduction to $84,300. Delle's gross annual income was $50,371, including $42,000 from Byron's alimony payment.
Although the significant change in income was viewed by the trial court as a substantial change in circumstances, it was not viewed at that juncture as permanent. An order was entered in August 2004, denying Byron's petition without prejudice and awarding attorney's fees to Delle. No specific reasons were stated for the denial or the award.
In September 2004, Delle filed her motion for contempt because Byron was $9,500 in arrears on alimony and failed to pay his child's health care expenses. At the hearing on Delle's motion, Byron explained his inability to pay from his income and indicated that he would be forced to sell assets received in the dissolution if he was required to pay. The trial court found that he had the ability to pay although his income had not increased from the time the court denied his modification attempt, sentenced him to 120 days for contempt and awarded $2,062.31 to Delle for attorney's fees. Byron tendered the past due alimony and was released from jail. He did not appeal the contempt order.
In November 2004, Byron filed a motion for rehearing of his motion for modification and of the order finding him in contempt, alleging that he was entitled to a temporary reduction of alimony based upon his reduced income and his use of assets distributed to him in the dissolution to purge the court's finding of contempt. The trial court again denied Byron's request for reduction.
A temporary modification is appropriate where the court determines that the obligor has suffered a reduction in income without deliberately seeking to avoid paying alimony and is acting in good faith to return his income to its previous level. E.g., Dervishi v. Dervishi, 905 So.2d 932 (Fla. 4th DCA 2005); Rahn v. Rahn, 768 So.2d 1102 (Fla. 2d DCA 2000). When an inability to pay alimony arises, a court must suspend payments until the ability is restored, unless the party's inability to pay is the result of an intentional refusal to work or other willfully created inability. E.g., Davis v. Davis, 528 So.2d 34 (Fla. 5th DCA 1988). Where the change in circumstances is unintentional and not willful, the obligor's alimony obligation should be reduced to be more commensurate with his current ability to pay. E.g., Kinne v. Kinne, 599 So.2d 191 (Fla. 2d DCA 1992).
We agree with Byron that the trial court erred by failing to provide temporary relief after finding that he suffered a substantial change in circumstances. In his motion, Byron argued that once the court determined that he had involuntarily suffered a substantial change in circumstances not contemplated by the parties at the time of the final judgment, the court was obligated to provide temporary relief.
Under the terms of the final judgment Byron was required to pay $65,120 annually to Delle. At the time of the final judgment, he claimed a gross salary of $143,000. Prior to the hearing on Byron's supplemental petition for modification, the parties had agreed to enroll their minor child in public school, which relieved Byron of his $12,200 tuition obligation. However, at the time of the hearing on Byron's motion, he reported a gross income of *744 $79,465. This forty-five percent (45) decrease in salary is sufficient to warrant a temporary modification. See Thompson v. Thompson, 402 So.2d 1220 (Fla. 5th DCA 1981) (noting that a change of 10, up or down, in obligor's disposable income could constitute substantial change in circumstances justifying adjustment of child support). Moreover, Byron's decrease in salary has dramatically changed the financial obligation to which he originally agreed by altering the percentage of his salary allocated to pay his support obligations. For example, at the time of the final judgment, approximately forty-five percent (45) of his gross salary was allocated to payment of his support obligations. After losing his lucrative customer, that percentage increased to approximately sixty-six percent (66). Byron has alleged that as a result of this change, he has been improperly forced to liquidate assets he received as part of the marital settlement agreement to meet his payment obligations. Byron should not have been forced to do so. See Kinne, 599 So.2d at 194 (noting that the law does not require that an ex-husband sell capital assets, or borrow money to pay alimony). Competent, substantial evidence exists in the record to support a temporary modification, yet there is no evidence that the trial court ever considered whether such a modification was warranted. As a matter of equity, the trial court should consider whether a temporary modification is warranted, and also decide whether such modification should apply retroactively, and if not, explain its decision not to do so. See King v. King, 734 So.2d 542 (Fla. 5th DCA 1999) (noting that a decision not to make a modification retroactive is discretionary, but the reasons for not doing so should be stated on the record).
We vacate the denial of a temporary modification and instruct the trial court to reduce Byron's support obligations until his ability to pay has been restored and to reconsider retroactive modification to the time of his original request for modification. If Byron is unable to restore his income, we instruct the trial court to consider reducing Byron's support obligations to an amount commensurate with his current ability to pay. We also reverse the awards for attorney's fees and vacate the same.
TEMPORARY MODIFICATION DENIAL VACATED; AWARD OF ATTORNEY'S FEES REVERSED AND VACATED.
PLEUS, C.J., and SHARP, W., J., concur.