957 So.2d 661 (2007)
Kenneth RINKOR, in proper person, Appellant,
v.
Leyla BRBORICH, f/k/a Leyla Rinkor, Appellee.
No. 3D06-1875.
District Court of Appeal of Florida, Third District.
April 11, 2007.
Rehearing Denied May 17, 2007.
Kenneth Rinkor, In Proper Person.
Marcia Soto, Miami, for appellee.
Before FLETCHER and LAGOA, JJ., and SCHWARTZ, Senior Judge.
FLETCHER, Judge.
Kenneth Rinkor appeals from a nonfinal order awarding temporary attorney's fees and costs to Leyla Brborich, his former wife, in this dissolution of marriage action. We reverse one part of the order and affirm the rest.
Included within the order is the following language:
15. The court hereby enjoins the Former Husband from liquidating his portion of the stock account for any reason other than for payment of the attorneys' fees, costs and suit monies awarded herein. In the event the Former Husband dissipates the funds in said account *662 for any reason other than to satisfy the Court's award, he may be subject to a finding of indirect criminal contempt and all sanctions permitted by law.
It is this portion of the order that we reverse.
Section 61.11(1), Florida Statutes (2006) provides for the issuance of injunctions under certain circumstances, but only for the purpose of securing alimony or support to the party who should receive it. Section 61.11(1) makes no mention of attorney's fees. The Fourth District Court of Appeal has at least twice determined that section 61.11 does not empower a trial court to enter an injunction to secure an attorney's fee award. Levinson v. Levinson, 895 So.2d 432 (Fla. 4th DCA 2004); Widom v. Widom, 679 So.2d 74 (Fla. 4th DCA 1996). We agree with the Fourth District.
We recognize that in Carta v. Carta, 903 So.2d 300 (Fla. 3d DCA 2005), the trial court had issued an injunction freezing assets in the husband's safe deposit box. That injunction was not appealed to this court. What was appealed was an order modifying the previous order so as to permit the breaking of the safe deposit box to satisfy, not to secure, the award of attorney's fees and costs. Carta does not bear on the issue here.
Accordingly, we reverse that portion of the order set forth in paragraph 15 thereof, thus dissolving the injunction, and remand for the trial court to excise paragraph 15 from the order. The remainder of the order is affirmed.
Affirmed in part, reversed and remanded in part.