KLEIN, J.
Appellant was held in civil contempt for selling a marital asset, after a final judgment of dissolution, in violation of earlier orders freezing the asset and granting an attorney’s charging hen against appellant’s marital assets. We reverse.
In 2001, during dissolution proceedings, the court issued a temporary relief order that provided, among other things, that appellant, who was employed by General Electric, was not to withdraw any of her GE stock options without leave of court. In 2003, the court entered an order granting her lawyers, the appellee law firm, a charging lien, and in 2004 determined the amount of the lien. This was all before the final judgment of dissolution, which awarded appellant, as equitable distribution, $131,437 in GE stock options.
In the meantime, appellant had cashed in her stock options without notice to the court or interested parties. For this the trial court found appellant to be in civil contempt for violating the 2001 temporary relief order freezing the options, and the 2004 charging hen order which gave her former lawyers the right to payment from her marital assets. It is that order which is the subject of this appeal.
When the court first ordered the wife not to dispose of her GE stock options, it was not for the purpose of protecting her counsels’ attorneys’ fees. Indeed the court did not have the authority to freeze her assets in order to pay her own attorneys. Rinkor v. Brborich, 957 So.2d 661 (Fla. 3d DCA 2007); Levinson v. Levinson, 895 So.2d 432 (Fla. 4th DCA 2004); Widom v. Widom, 679 So.2d 74 (Fla. 4th DCA 1996). Nor, as appellant points out, can the contempt power of a court be invoked for the “settlement of property rights as opposed to alimony, support or maintenance of one to whom the duty is owed.” Whelan v. Whelan, 736 So.2d 732, 733 (Fla. 4th DCA 1999). Enforcement through contempt of debts not involving support violates Article I, section 11 of the Florida Constitution, which prohibits imprisonment for debt. We accordingly reverse the order of contempt.
STONE and FARMER, JJ., concur.