LEVINE, J.
Appellant, Deanna Simpson, appeals the trial court’s order granting a modification of the alimony obligations of appellee, Gregory Simpson. Appellant also appeals the trial court’s denial of a motion for civil contempt. Although we affirm the trial court’s denial of appellant’s motion for civil contempt, we reverse the trial court’s granting of modification of appellee’s alimony obligations.
In 2007, the parties entered into a separation and property settlement agreement. As part of this agreement, appellee agreed to pay appellant $4,000 per month as permanent periodic alimony. This permanent periodic alimony would be abated if the appellee was “involuntarily laid off, involuntarily [lost] his job or otherwise involuntarily [lost] his ability to work for a consecutive period of ninety (90) days.” Appellee further agreed to “transfer to the Wife $125,000 of his 401-K pension savings” and to pay off appellant’s automobile loan.
Subsequently, appellant filed a motion for contempt stating that appellee failed to pay the full amount of alimony from December 2008 to April 2009, and appellee transferred only $97,000 from his retirement account to her. Finally, appellant’s car was repossessed due to appellee’s failure to make payments on the vehicle. Ap-pellee, in response, filed a petition to modify his alimony obligation, based on the fact that he had been unemployed for several months and eventually secured a new position, but at a reduced salary.
The trial court received evidence from appellee, detailing e-mails in which appellant agreed to a reduction in alimony from $4,000 to $8,000 a month due to appellant’s reduced salary in the new job. Appellee agreed to increase alimony in the future based on the percentage of any salary increase he might receive. Appellant stated that “it looks okay ... for now.”
Appellant responded at the hearing that her agreement to the reduction in alimony was coerced and that she did not know what salary appellee was being paid by his new employer. In fact, appellee did not include any bonus income from his new employer in his financial affidavit. Nevertheless, appellee claimed, even factoring in the bonuses, that he was earning about 25% less in the new job as compared to his prior job.
As to the 401(k) account, appellee claimed that he transferred the full value of the account, which had decreased in value to $97,000 due to market fluctuations. At the hearing, appellee conceded that he was supposed to make appellant’s *961 car payment but had not, in fact, made a single payment on the car.
The trial court entered an order denying appellant’s motion for contempt, finding that she had agreed to the modification of alimony. The trial court determined that appellee’s obligation to pay alimony was abated during his time of unemployment, and appellee was not responsible for the reduction in value of the 401 (k) account. The trial court further granted appellee’s motion to modify alimony “retroactive to the date of the parties’ agreement” by email. This consolidated appeal of both orders ensues.
As to the trial court’s determination that appellee could not be held in contempt for failing to pay appellant’s car loan, we find the trial court committed no error. The contempt power of the trial court cannot be used to settle disputes in rights to property. Pineiro v. Pineiro, 988 So.2d 686, 687 (Fla. 4th DCA 2008). Contempt can be used to enforce alimony, support, or maintenance awards alone since “[e]nforcement through contempt of debts not involving support violates Article I, section 11 of the Florida Constitution, which prohibits imprisonment for debt.” Id. In this case, appellee’s agreement to pay appellant’s car loan was part of the equitable division of property and not part of the support award. Accordingly, appel-lee’s failure to pay the car loan could not be remedied by a contempt order
As to the issue of abatement, we find the trial court erred in finding that appellee’s alimony was abated retroactively to his first day of unemployment. The marital agreement states that “[i]f the Husband is involuntarily laid off, involuntarily loses his job or otherwise involuntarily loses his ability to work for a consecutive period of ninety (90) days, the Wife’s alimony will abate (temporarily stop) until such time as the Husband resumes employment.” The determination of whether a settlement agreement is unambiguous and the interpretation of an unambiguous agreement are questions of law subject to de novo review on appeal. Ospina-Baraya v. Heiligers, 909 So.2d 465, 472 (Fla. 4th DCA 2005). The plain language of this contract is controlling, as unambiguous contract language “must be afforded its plain meaning.” Lazzaro v. Miller & Solomon Gen. Contractors, Inc., 48 So.3d 974, 975 (Fla. 4th DCA 2010). A plain reading of the provision states that the alimony obligation abates after appellee has been involuntarily out of work for ninety consecutive days. Thus, appellee’s obligation did not abate until the ninety days had run, and therefore, appellee was responsible to pay appellant alimony for the first ninety days that he was unemployed.
As to the issue of appellant’s agreement to the modification of alimony, we also find that the trial court erred. Trial court orders modifying awards of alimony are reviewed for abuse of discretion. Woolf v. Woolf, 901 So.2d 905, 911 (Fla. 4th DCA 2005). A party seeking a permanent modification must demonstrate a substantial change in circumstances, that the change in circumstances was not contemplated at the time of the final judgment, and that the change is sufficient, material, involuntary and permanent. Pimm v. Pimm, 601 So.2d 534, 536 (Fla.1992). If a permanent modification is not warranted, a court may temporarily relieve the moving party from his alimony obligations under the “good faith test.” Dervishi v. Dervishi, 905 So.2d 932, 934 (Fla. 4th DCA 2005). Temporary modification is appropriate when the court determines that the moving party “has suffered a reduction in income without deliberately seeking to avoid paying alimony and is acting in good faith to return his income to its previous level.” McIntosh v. McIntosh, *962 915 So.2d 742, 743 (Fla. 5th DCA 2005). In either type of modification, where the original alimony or support award was set by agreement of the parties, the moving party carries a heavier-than-normal burden. Pimm, 601 So.2d at 537.
In the present case, the modification by the trial court was not specifically delineated as being permanent or temporary. In any event, we find the trial court erred since appellee did not meet his heavier-than-normal burden. The evidence of ap-pellee’s “substantial change” in income, and the trial court’s reliance on appellant’s e-mail acquiescence to the modification, is tenuous at best.
The record demonstrates that appellee’s salary, including bonuses, ranged from roughly $15,000 a month in 2007 to $16,500 in 2008, to roughly $14,200 a month (inclusive of bonuses) under the new employer. This record does not substantiate appel-lee’s claim of a 25% reduction. Finally, the record indicates that appellant was not aware of appellee’s various bonuses each month. We find the trial court erred in relying on appellant’s acquiescence to the modification by e-mail, as she did not have full information regarding appellee’s income, and we find that appellee did not meet his burden of demonstrating a “substantial change” in income.
Additionally, we find the trial court erred in finding appellee not liable for making up the difference between the $97,000 tendered from the 401 (k) account and the $125,000 originally agreed to as part of the settlement agreement. The trial court determined that when the agreement stated that the “Husband shall transfer to the Wife $125,000 of his 401-K pension savings,” the intent of this statement was to transfer the contents of this particular 401 (k) account. However, the plain language of this statement could also indicate that the parties intended the $125,000 to be derived only from the 401 (k) account. The parties did not anticipate that this account would fluctuate in value due to market conditions.
We find that the settlement agreement contains a latent ambiguity as to what the parties intended to transfer as part of the settlement agreement, either a total sum of $125,000 or the present value of the 401 (k) account. “A latent ambiguity arises when a contract on its face appears clear and unambiguous, but fails to specify the rights or duties of the parties in certain situations.” Jenkins v. Eckerd Corp., 913 So.2d 43, 52-53 (Fla. 1st DCA 2005). Thus, the trial court must determine the intent of the parties through parol evidence. Crespo v. Crespo, 28 So.3d 125, 128 (Fla. 4th DCA 2010). The trial court did not take any parol evidence or make findings of fact. Thus, the trial court’s conclusion that the tendering of the value of the account of $97,000 was sufficient to satisfy that provision of the settlement agreement is not supported by competent, substantial evidence.
Finally, we find the other issue regarding an alleged violation of Perlow v. Berg-Perlow, 875 So.2d 383 (Fla.2004), to be without merit. We affirm the trial court’s orders on this ground without further discussion.
For all the reasons stated above, we affirm in part, reverse in part, and remand this case for further proceedings consistent with this opinion.

Affirmed in part, reversed in part, and remanded.

WARNER and POLEN, JJ., concur.