DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**KEITH WILLIAMS,**
Appellant,

v.

**PENELOPE WILLIAMS,**
Appellee.

No. 4D17-2834

[July 11, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Edward A. Garrison, Judge; L.T. Case No. 502014DR003451XXXXMB.

Abigail Beebe of The Law Office of Abigail Beebe, P.A., West Palm Beach, for appellant.

Daniel J. Koleos of Koleos Rosenberg McMahon P.L., Fort Lauderdale, for appellee.

FORST, J.

Appellant Keith Williams appeals from the denial of his motion for enforcement and sanctions as to Appellee Penelope Williams's failure to comply with a provision of their marital settlement agreement. Although the trial court found that Appellee had breached this provision, it denied the motion for enforcement based on its misunderstanding that it could not compel Appellee to comply with the term at issue. Accordingly, we reverse and remand for further proceedings.

**Background**

The parties' marriage of twenty-five years was dissolved by a final judgment of dissolution which incorporated their marital settlement agreement. The relevant, contested provision of the agreement is found in paragraph 8, which discusses the equitable distribution of the marital home, and provides in pertinent part that "[o]n or before June 1, 2017, the Wife shall make *all reasonable efforts* to refinance this real property . . . ." (emphasis added).

In June of 2017, Appellant filed a motion to enforce Appellee's compliance with paragraph 8, arguing that she had not made "all reasonable efforts" to refinance prior to the June 1st deadline. At the hearing on the motion, Appellee acknowledged that she never applied to refinance the marital home. The trial court found that she "made no effort whatsoever to refinance," thus breaching paragraph 8. However, the court stated that it did not have the authority to compel Appellee's performance— "as equitable distribution, the law is clear that that's not enforceable by contempt"—and the motion to enforce was denied.

## Analysis

A marital settlement agreement is to be interpreted and is construed under a de novo review. *Reilly v. Reilly*, 94 So. 3d 693, 696 (Fla. 4th DCA 2012). Florida law favors the settlement of family law disputes and courts will enforce them when possible. *Spiegel v. H. Allen Holmes, Inc.*, 834 So. 2d 295, 297 (Fla. 4th DCA 2002).

When a court enters final judgment of dissolution and incorporates a marriage settlement agreement by reference, the court retains jurisdiction to enforce the terms of the final judgment and settlement as necessary. *Paulucci v. Gen. Dynamics Corp.*, 842 So. 2d 797, 803 (Fla. 2003). Florida Family Law Rule 12.570 sets forth various methods to enforce a judgment, including compelling performance of a specific act. *Id.* This rule is limited by the Florida Constitution's prohibition on jailing debtors. Art. I, §11, Fla. Const.; *see also Riley v. Riley,* 509 So. 2d 1366, 1369 (Fla. 5th DCA 1987) ("[C]ontempt power is limited by [Florida's Constitution] and other traditional limitations on the use of contempt powers where there are alternative adequate legal remedies." (footnote omitted)).

Equitable distribution of marital property is generally considered a debt owed to a former spouse with any payments being enforceable only as ordinary claims between a creditor and a debtor. *See Simpson v. Simpson*, 68 So. 3d 958, 961 (Fla. 4th DCA 2011); *Burke v. Burke*, 336 So. 2d 1237, 1238 (Fla. 4th DCA 1976). However, when equitable distribution requires the performance of an act, and not the payment of money, the trial court can enforce the provision through contempt without running afoul of our constitution. *See Burke*, 336 So. 2d at 1238 (affirming a portion of the trial court's contempt order where the former husband failed to execute and deliver certain documents which would release the former wife's interest in a note and mortgage and transfer certain securities to the former wife—acts not involving the payment of money); *Roth v. Roth*, 973 So. 2d 580, 592 (Fla. 2d DCA 2008) (similar); *Riley*, 509 So. 2d at 1369 (affirming contempt order premised on former husband's failure to

designate his former wife as the primary beneficiary of a life insurance policy, as required by the property settlement agreement).

Turning to the instant case, paragraph 8 required Appellee to make reasonable efforts to refinance the real property. She did not. As in the cases cited in the preceding paragraph, there was an agreement by one of the parties to perform an act. This agreement can and should be enforced pursuant to Florida Family Law Rule 12.570(c).[1]

The trial court correctly found that Appellee breached the parties' agreement. The court, however, erred in failing to further determine whether Appellee's failure to comply was willful and deliberate and not caused by an inability to comply. If the trial court on remand determines that Appellee's failure was voluntary, then the trial court will be obligated to issue an order compelling Appellee to perform in accordance with the "reasonable efforts" provision set forth in paragraph 8. *See Burke*, 336 So. 2d at 1238; *Roth*, 973 So. 2d at 592.

**Conclusion**

We reverse the trial court's denial of Appellant's motion to enforce because paragraph 8 stated that Appellee "shall" do a specific act, she failed to do so, and the trial court had the power to enforce her compliance. Accordingly, we reverse and remand for further proceedings consistent with this opinion.

*Reversed and remanded.*

DAMOORGIAN and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

---

[1] Any argument that performance could not be compelled because the time to perform had lapsed is rejected because performing by June 1, 2017 was not material. *See Command Sec. Corp. v. Moffa*, 84 So. 3d 1097, 1100 (Fla. 4th DCA 2012) (naming a date upon which an act should be performed does not in and of itself result in establishing that time is of the essence or an essential part of the agreement).