DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

MOHAMED SAID,

Appellant,

v.

SHANNON BELL f/k/a SHANNON SAID,

Appellee.

No. 2D2024-1449

_____

April 16, 2025

Appeal from the Circuit Court for Pasco County; Brian Edward Gnage,
Judge.

Geoffrey R. Cox of Cox & Associates, Attorneys at Law, P.A., Wesley
Chapel, for Appellant.

Stacy M. Moord of Law Office of Stacy Moord, P.A., Brooksville, for
Appellee.

KELLY, Judge.

The former husband, Mohamed Said, appeals from the order
finding him in contempt for failing to assume responsibility for the
mortgage on the marital home after the final judgment of dissolution was
rendered and failing to pay the former wife, Shannon Bell, the lump sum
equalizing payment of $165,000, as required by the parties' Mediated

Marital Settlement Agreement that was incorporated into the final judgment. We affirm without comment the portion of the order holding the former husband in contempt for his failure to assume responsibility for the mortgage but reverse the portion of the order holding him in contempt for his failure to pay the lump sum equalizing payment.

Florida law provides that there are two types of awards that usually arise from marital settlement agreements, support awards and equitable distribution awards. *See Braswell v. Braswell*, 881 So. 2d 1193, 1198 (Fla. 3d DCA 2004). "A support award can be enforced by contempt proceedings and incarceration. Equitable distribution awards or property division awards are debts which cannot be enforced by contempt proceedings or incarceration." *Id.* The rationale is that "[e]nforcement through contempt of debts not involving support violates Article I, section 11 of the Florida Constitution, which prohibits imprisonment for debt." *Pineiro v. Pineiro*, 988 So. 2d 686, 687 (Fla. 4th DCA 2008).

The former husband correctly argues that the lump sum equalizing payment imposed as part of the equitable distribution is not enforceable by contempt. *See Vinson v. Vinson*, 296 So. 3d 960, 961–62 (Fla. 1st DCA 2020) (recognizing that contempt cannot be used to enforce a property settlement). Unlike spousal support, payments for equitable distribution are only enforceable "by the usual remedies available to a creditor against his debtor." *Pipitone v. Pipitone*, 23 So. 3d 131, 136 (Fla. 2d DCA 2009); *see also* Fla. R. Civ. P. 1.570(a) ("Final process to enforce a judgment solely for the payment of money shall be by execution, writ of garnishment, or other appropriate process or proceedings."). Accordingly, we reverse the portion of the order finding the former

2

husband in contempt for failing to pay the lump sum equalizing payment.

Affirmed in part and reversed in part.

LUCAS and SMITH, JJ., Concur.

_____

Opinion subject to revision prior to official publication.