DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

EDUARDO MARIN,

Appellant,

v.

JANE ROBYN MARIN,

Appellee.

No. 2D2024-2222

_____

October 15, 2025

Appeal from the Circuit Court for Sarasota County; Maria Ruhl, Judge.

Eric R. Maier of Older Lundy Koch & Martino, Tampa, for Appellant.

Kathi B. Halvorsen, Sarasota, for Appellee.

BLACK, Judge.

Eduardo Marin, the former husband, appeals from the money judgment entered in favor of Jane Marin, the former wife, in the amount of $700,000 plus interest after the circuit court found him in contempt for failing to maintain a life insurance policy to secure his alimony obligation as mandated by the parties' marital settlement agreement

(MSA). Because the money judgment does not constitute a valid civil contempt sanction, we reverse in part.[1]

The MSA was approved by the court and incorporated into the 2017 final judgment of dissolution. The MSA provided that the former husband shall pay the former wife permanent periodic alimony in the amount of $14,000 per month. As security for the alimony obligation, the former husband was required to maintain a then-existing term life insurance policy; the policy, which named the former wife as the beneficiary, had a death benefit of $700,000.

It is undisputed that the former husband has continued to pay alimony to the former wife as required by the MSA. It is also undisputed, however, that the former husband failed to maintain the life insurance policy as required by the MSA. As such, on June 12, 2023, the former wife filed a motion for contempt, enforcement of the MSA, and sanctions; an amended motion was filed on November 6, 2023. During the evidentiary hearing on December 20, 2023, the former husband explained that he did not believe he was insurable due to his medical condition; reinstatement of the life insurance policy in existence at the time the parties entered into the MSA was denied for that reason. Following the hearing, the circuit court granted the former wife's amended motion, finding that the former husband had "willfully failed to maintain" a life insurance policy as required by the MSA and directing that should he be unable to secure a life insurance policy within sixty days in accordance with the MSA, a judgment would be entered in favor

---

[1] The court also awarded the former wife attorney's fees and costs; the former husband has not challenged that aspect of the judgment on appeal.

of the former wife.  That order, which was entered on December 29, 2023, did not specify the amount of the judgment.[2]

On August 26, 2024, the court rendered a money judgment in favor of the former wife in the amount of $700,000 plus interest.  The judgment included a finding that the former husband had applied for life insurance but that his applications had been denied due to his medical condition.

The former husband argues on appeal that the remedy fashioned by the court due to his failure to maintain the insurance policy is improper because the monetary sanction is not commensurate with a loss actually sustained by the former wife.  We agree.

"When a court enters final judgment of dissolution and incorporates a marriage settlement agreement by reference, the court retains jurisdiction to enforce the terms of the final judgment and settlement as necessary."  *Williams v. Williams*, 251 So. 3d 926, 928 (Fla. 4th DCA 2018) (citing *Paulucci v. Gen. Dynamics Corp.*, 842 So. 2d 797, 803 (Fla. 2003)).  And where those terms require the performance of a specific act, they may be enforced through contempt.  *See* Fla. Fam. L. R. P. 12.570(c)(2); *Roth v. Roth*, 973 So. 2d 580, 592 (Fla. 2d DCA 2008); *Williams*, 251 So. 3d at 928; *see also Riley v. Riley*, 509 So. 2d 1366, 1369-70 (Fla. 5th DCA 1987) (affirming contempt order entered following the former husband's failure to designate the former wife as the primary beneficiary of a life insurance policy as required by the parties' settlement agreement).  The courts are afforded broad discretion in fashioning contempt sanctions, though that discretion is not unlimited.

---

[2] The December 2023 order also included a finding that the former wife was entitled to attorney's fees and costs, though the court made no determination as to the amount.

*See Parisi v. Broward County*, 769 So. 2d 359, 363 (Fla. 2000); *see also Haingl v. La Puerta del Sol Condo. Ass'n*, 351 So. 3d 120, 124 (Fla. 2d DCA 2022) ("The imposition of sanctions by a trial court involves the exercise of discretion, and to prevail on appeal, the appellant must show clear error by the trial court in its interpretation of the facts and the use of its judgment.").

Civil contempt sanctions are generally classified as either coercive or compensatory. *Zurich Am. Ins. v. Samson*, 331 So. 3d 1234, 1239 (Fla. 2d DCA 2022) (citing *Parisi*, 769 So. 2d at 363). Coercive contempt sanctions are intended to secure compliance, while compensatory contempt sanctions are intended to compensate for actual losses incurred due to the contemptuous conduct. *Menke v. Wendell*, 188 So. 3d 869, 873 (Fla. 2d DCA 2015) (citing *Parisi*, 769 So. 2d at 366); *see also Zurich Am. Ins.*, 331 So. 3d at 1239-40 (citing *Parisi*, 769 So. 2d at 365-66). Here, it appears that the circuit court sought to impose a monetary sanction that was compensatory in nature: a money judgment in an amount equal to the death benefit of the insurance policy the former husband failed to maintain as security for his alimony obligation. But the money judgment is not commensurate with a loss *actually suffered* by the former wife. *See Parisi*, 769 So. 2d at 366 ("While courts have the unquestioned authority to order a civil contempt fine to compensate for losses sustained, '[i]f compensation is intended, the fine must be based on evidence of the injured party's *actual loss*.' " (alteration in original) (citation omitted)); *see also H.K. Dev., LLC v. Greer*, 32 So. 3d 178, 185 (Fla. 1st DCA 2010) ("As a general rule the amount of the fine will be limited to the actual damage sustained by the injured party. An award of compensatory damages should not be speculative or conjectural." (quoting 17 C.J.S. *Contempt* § 115 (1999))). Any right the

former wife may have had to the insurance policy death benefit would not have arisen until the death of the former husband.[3] It follows then that any right the former wife may have to compensation due to the nonexistence of the insurance policy is contingent in nature. *See Riley*, 509 So. 2d at 1370 (recognizing that the former wife was not entitled to damages equal to the value of the life insurance policy death benefit following the former husband's failure to designate her as the primary beneficiary of the policy as mandated by the settlement agreement because the former wife would only be entitled to the death benefit if she outlived the former husband, making her right to damages "necessarily contingent"); *cf. Nical of Palm Beach, Inc. v. Lewis*, 815 So. 2d 647, 651 (Fla. 4th DCA 2002) (reversing order of contempt to the extent it imposed a sanction that was based on the amount of money given up by the appellees in entering into the settlement agreement rather than the actual loss that resulted from the appellants' failure to comply with the

---

[3] As it is not dispositive of our resolution of this appeal, we need not determine whether the life insurance policy served as security only for alimony arrearages, should any exist at the time of the former husband's death, or whether the entirety of the death benefit was to become an asset of the former wife as a result of the cessation of alimony payments following the former husband's death. *See Richardson v. Richardson*, 900 So. 2d 656, 660 (Fla. 2d DCA 2005) ("Under section 61.08(3)[, Florida Statutes (2002)], a court may require an obligated spouse to purchase or maintain life insurance to secure any arrearage owed or 'to protect the financial well being of the other spouse' by providing for payment of the entire policy proceeds upon the obligor spouse's death." (quoting *Sobelman v. Sobelman*, 541 So. 2d 1153, 1154 (Fla. 1989))); *see also* § 61.08(3), Fla. Stat. (2022) ("To the extent necessary to protect an award of alimony, the court may order any party who is ordered to pay alimony to purchase or maintain a life insurance policy or a bond, or to otherwise secure such alimony award with any other assets which may be suitable for that purpose.").

order enforcing the settlement agreement and explaining that "[i]n this case actual loss, not an illusory notion of loss attributed to a breach of the settlement agreement . . . [,] is too speculative to withstand scrutiny under *Parisi*").  The money judgment does not otherwise constitute a valid civil coercive sanction.  *See Parisi*, 769 So. 2d at 366.

The money judgment is therefore reversed to the extent the former husband was ordered to pay the former wife $700,000 plus interest, and the matter is remanded for reconsideration by the circuit court of an appropriate remedy.

Reversed in part, affirmed in part, and remanded.


NORTHCUTT and MORRIS, JJ., Concur.

_____

Opinion subject to revision prior to official publication.